UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


| | |
|---|---|
| ALEXANDER S. THOMAS : | |
| : | PRISONER |
| v. : | Case No. 3:09-cv-1731 (VLB) |
| : | |
| PAUL K. SMEAL : | |


**RULING ON MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner currently is confined at S.C.I.-Smithfield in Huntingdon, Pennsylvania.  He filed this petition for writ of habeas corpus in the Middle District of Pennsylvania.  That court construed the petition as filed pursuant to 28 U.S.C. § 2254 to obtain resolution of outstanding arrest warrants in Connecticut and transferred the case to this district.[1]  Pending is a motion to dismiss the petition on the grounds that the petitioner is not in custody on any Connecticut charges, this Court should abstain from interfering with on-going state proceedings and the petitioner's speedy trial rights have not been violated.  For the reasons that follow, the motion to dismiss will be GRANTED.

I. Background

In August 2001, the petitioner was arrested in Danbury, Connecticut, and

---

[1]Although the petitioner named the warden of the correctional facility in which he is incarcerated as the respondent, the Court directed that the order to show cause be served on the Connecticut Office of the Chief State's Attorney and considers the State of Connecticut as the respondent in this case.

charged with disorderly conduct, a misdemeanor punishable by a term of imprisonment not to exceed three months.  The petitioner was released on a promise to appear.  When the petitioner failed to appear at a scheduled court hearing later that month, the court ordered his re-arrest.  The court also obtained an arrest warrant on a second charge of failure to appear, also a misdemeanor.  Later the same month, the petitioner was arrested in Danbury and charged with criminal trespass and violation of a protective order, both misdemeanors punishable by a term of imprisonment not to exceed one year.  The petitioner was released on a promise to appear.  When he failed to appear at the scheduled court hearing, the court ordered his re-arrest and the state obtained a second arrest warrant for failure to appear.  See Resp't's Mem. Ex. A & B.[2]

In July 2002, the petitioner was arrested in Pennsylvania for an offense committed in Pennsylvania.  He was convicted of aggravated assault, simple assault, recklessly endangering another person and public drunkenness.  The petitioner was sentenced to a term of incarceration of 120 to 240 months.  See Resp't's Mem. Ex. C.[3]  He currently is serving that sentence in a Pennsylvania correctional facility.

---

[2]The Court takes judicial notice of the Connecticut Superior Court records, which the petitioner does not dispute.  See Scherer v. Equitable Life Assurance Soc'y, 347 F.3d 394, 402 (2d Cir. 2003) (stating that a court may take "judicial notice of state court records").

[3]The Court takes judicial notice of the records from the Pennsylvania courts.  The petitioner does not dispute the information contained in the records.

## II. Discussion

The federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws. 28 U.S.C. § 2254(a). A claim that a state conviction was obtained in violation of state law is not cognizable in the federal court. Estelle v. McGuire, 502 U.S. 62, 68 (1991).

### A. "In Custody" Requirement

The respondent first argues that the petitioner is not in custody on any Connecticut charges. A prerequisite to filing a habeas corpus petition in federal court for relief from a state court conviction is that the petitioner be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (citations omitted); see also Spencer v. Kemna, 523 U.S. 1, 7 (1998). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." Hensley v. Municipal Court, 411 U.S. 345, 351 (1973). Thus, "its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." Id.

"Custody" is not only defined as physical confinement; it includes circumstances entailing such limitations on a person's liberty as those imposed

3

during parole.  See Maleng, 490 U.S. at 491; see also Hensley, 411 U.S. at 351 (habeas petitioner released on own recognizance pursuant to state trial court's order staying execution of sentence, but who suffered restraints on freedom of movement not shared by public generally, met "in custody" requirement) and Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 300-01 (1984) (petitioner released on own recognizance following vacation of conviction while applying for trial de novo met "in custody" requirement).

In Hensley, the Court set forth three conditions that supported the determination that the petitioner was in custody.  First, the petitioner was subject to restraints not shared by the general public.  He was obligated to appear at the times and places ordered by the court and could not come and go as he pleased.  Violation of that requirement was a criminal offense.  Second, the petitioner remained at large only by the grace of a stay entered by the state court and later extended by the Supreme Court.  Thus, his incarceration was not "a speculative possibility that depends on a number of contingencies over which he has no control."  411 U.S. at 352.  Finally, the Court noted that not all persons released on bail or on their own recognizance satisfy the "in custody" requirement.  "Where a state defendant is released on bail or on his own recognizance pending trial or pending appeal, he must still contend with the requirements of the exhaustion doctrine if he seeks habeas corpus relief in the federal courts."  Id. at 353; see also Lydon, 466 U.S. at 303 (describing the exhaustion requirement as a "precondition to the District Court's jurisdiction").

The respondent acknowledges that the petitioner was twice released on a promise to appear, but argues that the conditions of the release cannot be construed as satisfying the "in custody" requirement because the petitioner failed to comply with the conditions. As a result two warrants for failure to appear are outstanding. The respondent cites no caselaw supporting this position and research reveals no cases addressing this issue. In addition, other courts suggest that a person is not in custody if he is subject to arrest on an outstanding arrest warrant. See, e.g., Fernos-Lopez v. Figarella-Lopez, 929 F.2d 20, 24 (1st Cir. 1991) (noting that caselaw suggests being subject to an immediate arrest pursuant to an arrest warrant does not constitute custody, but declining to decide the issue) (citing Sevier v. Turner, 742 F.2d 262, 269 n. 7 (6th Cir. 1984)). The Court need not determine whether the petitioner was "in custody" pursuant to his release on a promise to appear, which he then violated, or the pending arrest warrants. Even if the petitioner could satisfy the custody requirement, he fails to satisfy the exhaustion requirement.

## B.  Exhaustion Requirement

Another prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, he must have utilized all available means to secure appellate review of

his claims.  See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir.), cert. denied, 544 U.S. 1025 (2005).

The petitioner states in his petition that in 2007 he filed his first motion in state court seeking dismissal of the Connecticut charges because his right to a speedy trial was violated.  The Clerk informed him that the motion was premature because he had not filed any motion invoking his right to a speedy trial.  Although no detainer has been lodged against the petitioner, he attempted to file motions invoking rights afforded under the Interstate Agreement on Detainers.  In June 2009, the petitioner resubmitted those motions by certified mail.  He was informed, however, that any decisions regarding extradition are made by the Office of the Chief State's Attorney, not the court.  In late September 2009, the petitioner submitted to the court and the Office of the Chief State's Attorney, a petition asserting a violation of his right to a speedy trial seeking dismissal of the charges or an order that a detainer be lodged against him.  He filed this action five days later.

To date, the petitioner has not raised his claims with the Connecticut Appellate Courts.  Thus, he has not satisfied the exhaustion requirement.

### C.  Sixth and Fourteenth Amendment Rights

Even if the petitioner could show that he should be excused from exhausting his state remedies, the respondent's motion to dismiss should be granted.

The petitioner argues that his Sixth Amendment right to a speedy trial and

Fourteenth Amendment right to due process have been violated. The respondent argues that this right has not yet commenced.

The Sixth Amendment right to a speedy trial does not commence until there is "'a formal indictment or information'" or the petitioner is subjected to "'the actual restraints imposed by arrest and holding to answer a criminal charge.'" United States v. Lovasco, 431 U.S. 783, 788-89 (1977) (quoting United States v. Marion, 404 U.S. 307, 320 (1971)). The petitioner currently is serving a sentence for crimes committed in Pennsylvania. His incarceration is unrelated to any of the outstanding Connecticut arrest warrants. Also, there is no indictment or information based on the Connecticut charges. Thus, the petitioner's invocation of his Sixth Amendment right to a speedy trial is premature.

In addition, as no detainer has been lodged with Pennsylvania correctional officials, the petitioner cannot assert a claim for violation of rights under the Interstate Agreement on Detainers. See generally United States v. Mauro, 436 U.S. 340, 358-60 (1978) (discussing a detainer under the Interstate Agreement on Detainers Act as a mechanism, initiated with discretion by a prosecutor or law enforcement officer, to put officials at the incarcerating institution on notice that the prisoner is wanted in another jurisdiction for trial upon release from prison and noting that the time limits under the Act are established to ensure speedy resolution of the case after a detainer is lodged). Thus, the Interstate Agreement on Detainers would not afford relief for delays occurring before a detainer is lodged.

The delay complained of in this case is a pre-indictment delay.  Although statutes of limitations provide the primary protection against undue pre-indictment delay, the Due Process Clause also is involved.  <u>Lovasco</u>, 431 U.S. at 789.  Under the due process analysis, the Court must consider both the reason for the delay and any prejudice to the petitioner.  Proof of prejudice is a necessary element of a due process claim.  <u>Id.</u>  The petitioner has identified no prejudice to his defense from the failure to bring him to trial on the outstanding charges and does not seek an immediate trial.  Instead, he seeks dismissal of the Connecticut charges because they have made him ineligible for certain programs in the correctional facility, a result collateral to the Connecticut charges.[4]   Thus, the petition fails to demonstrate that the petitioner's Sixth or Fourteenth Amendment rights have been violated.[5]

### III.  Conclusion

The motion to dismiss the petition for writ of habeas corpus [Doc. #16] is GRANTED.  The Clerk is directed to enter judgment and close this case.

The court concludes that the petitioner failed to exhaust his state court

---

[4] The petitioner states that he "has continually and diligently pursued to formally resolve these matters" since 2007.  Pet'r's Mem., Doc. #20, at 4.  While he may not have been aware that warrants were issued for his re-arrest, the petitioner has been aware of the outstanding charges since August 2001 when he failed to appear at the scheduled court appearances.  He does not explain why he made no efforts to resolve the charges for six years.

[5] If the petitioner requires assistance in seeking a trial on the outstanding Connecticut charges, the Court suggests that he contact the Connecticut Office of the Public Defender.

remedies.  Thus, a certificate of appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).  The facts of this case meet that standard and thus the petition is DISMISSED.

                              IT IS SO ORDERED.

                              /s/
                              Vanessa L. Bryant
                              United States District Judge

Dated at Hartford, Connecticut: May 18, 2010.